UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL CHAVEZ, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ALL AXIS HOLDINGS, INC. d/b/a DRAGONFLY HEATING AND COOLING,<br><br>       Defendant. | Civil Action No.: 1:25-cv-02001-DAE |

**DEFENDANT ALL AXIS HOLDINGS, INC. D/B/A DRAGONFLY HEATING AND COOLING'S OPPOSED MOTION TO TRANSFER UNDER 28 U.S.C. § 1404 MEMORANDUM OF POINTS AND AUTHORITIES**

**TO MICHAEL CHAVEZ AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant All Axis Holdings, Inc. d/b/a Dragonfly Heating and Cooling ("Dragonfly") will and hereby does move this Court to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404.

This Motion is made upon the following grounds: Dragonfly's principal (and only) place of business is located within the Central District of California. Accordingly, the Central District of California is a proper venue that could exercise personal jurisdiction over Dragonfly (a California resident) and Plaintiff (who lived in California at the time of the alleged business relationship). The Central District of California would also have subject matter jurisdiction over the claims in this case under the federal question doctrine, as both of Plaintiff's claims are brought under federal law. Moreover, the private and public factors this Court considers in determining whether to transfer a case weigh in favor of transfer in this instance. The Central District of California allows for better access to proof, availability for compulsory process of

non-party witnesses, lower costs of attendance for willing witnesses, and does not present any practical problems to adjudicating the case in California. The public interest factors also weigh in favor of transfer because transferring the case to the Central District of California will ease congestion in the Western District of Texas, California has the greater interest in having the case decided in its forum, and the Central District of California has familiarity and no conflict of interest with the application of federal law.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Jeffrey K. Brown, Barry Palmer, and Sheldon filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Pursuant to Local Rule CV-7(g), this Motion is made following meet and confer efforts between counsel for the parties, which first took place by written correspondence on December 30, 2025, all of which were unsuccessful in resolving the substance of this Motion.

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES .............................................6

I. INTRODUCTION ....................................................................................................6

II. BACKGROUND......................................................................................................7

    A.    Dragonfly Is a California Company with Operations Limited to Southern California ...........................................................................................................7

    B.    Plaintiff's Allegations Arise from a California Property and Alleged California-Based Communications ..........................................................................7

    C.    California is the Center of Gravity for Witnesses and Evidence ............................8

    D.    This Case Is In Its Earliest Procedural Posture ......................................................9

III. THE COURT SHOULD TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA ...................................................................................9

    A.    The Central District of California is a Proper Venue For This Action .................10

    B.    The Central District of California Is More Convenient for the Parties.................10

        1.    The Relative Ease Of Access To Sources Of Proof Favors Transfer .......11

        2.    The Availability of Compulsory Process Favors Transfer to Central District of California ...............................................................................11

        3.    The Attendance of Willing Witnesses Strongly Favors Transfer .............12

        4.    The "All Other Practical Problems" Factor Favors Transfer....................12

        5.    No Administrative Difficulties Disfavor Transfer .....................................13

        6.    Local Interests Favor Transfer to Central District of California...............13

        7.    The Central District of California is Familiar with Federal Law...............16

        8.    Transfer to the Central District of California Will Not Create a Conflict of Law. .......................................................................................16

IV. CONCLUSION.....................................................................................................16

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*C-Mart, Inc. v. Metro. Life Ins. Co*.,
No. 4:13cv00052 AGF, 2013 U.S. Dist. LEXIS 76587
(E.D. Mo. May 31, 2013)............................................................................................14

*Concurrent Ventures, LLC v. Advanced Micro Devices, Inc.*,
No. A-24-CV-335-DII, 2025 U.S. Dist. LEXIS 17837
(W.D. Tex. Jan. 31, 2025)..........................................................................................13

*Geismann v. ZocDoc, Inc*.,
No. 4:14cv472 CDP, 2014 U.S. Dist. LEXIS 11870 (E.D. Mo. Aug. 26, 2014) ....................15

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)...................................................................................12

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947)...................................................................................................10

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) ...................................................................................13

*Klingensmith v. Paradise Shops, Inc.*,
No. 07-322, 2007 U.S. Dist. LEXIS 51591 (E.D. Pa. July 17, 2007)....................................15

*Koster v. Lumbermens Mut. Cas. Co.*,
330 U.S. 518 (1947).....................................................................................................14

*Smith v. HireRight Sols., Inc.*,
No. 09-6007, 2010 U.S. Dist. LEXIS 55477 (E.D. Pa. June 7, 2010)..............................14, 15

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ........................................................................12, 13, 14

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) .................................................................................10, 11

*Wald v. Bank of Am. Corp.*,
856 F. Supp. 2d 545 (E.D.N.Y. 2012) .......................................................................15

**Statutes**

28 U.S.C. § 1391...............................................................................................................10

28 U.S.C. § 1391(b) ...................................................................................................................10

28 U.S.C. § 1404(a) ............................................................................................................ *passim*

**Other Authorities**

U.S. District Courts – Federal Court Management Statistics, available at
     https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile093
     0_2025.pdf ........................................................................................................................13

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    <u>INTRODUCTION</u>

Plaintiff's claims arise entirely from conduct that occurred in California and concern a California company that operates exclusively within California. Yet Plaintiff—a former California resident—filed this putative nationwide class action in Texas after relocating there, notwithstanding that Defendant All Axis Holdings, Inc. d/b/a Dragonfly Heating and Cooling ("Dragonfly") has no operations, employees, customers, or business presence in Texas.

Plaintiff's suit should have been filed, if at all, in California. Dragonfly requests that the Court transfer the claims against it to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404. The Central District of California is where Dragonfly is headquartered, where the alleged conduct occurred, where nearly all witnesses and documentary evidence are located, and where any putative class members are overwhelmingly likely to reside. Texas has no meaningful connection to the operative facts of this dispute. Maintaining this action in this District would impose unnecessary burdens on the parties, witnesses, and the Court.

Transfer of venue is particularly appropriate here because this case is in its earliest stages, no discovery has occurred, and no scheduling order has been entered. Transferring now would promote judicial efficiency and ensure that this action proceeds in the forum with the strongest factual nexus and the greatest local interest. Accordingly, for the convenience of the parties and witnesses, and in the interest of justice, the Court should transfer this case to the Central District of California.

## II.    BACKGROUND

### A.    Dragonfly Is a California Company with Operations Limited to Southern California

Defendant All Axis Holdings, Inc. d/b/a Dragonfly Heating and Cooling ("Dragonfly") is a small heating, ventilation, and air conditioning ("HVAC") repair and installation contractor with only thirteen employees. (Palmer Decl. ¶ 2.) Dragonfly maintains a single office that serves as its headquarters, located at 1280 Palmyrita Avenue, Suite D, Riverside, California 92507. (Palmer Decl. ¶ 3.) Dragonfly does not maintain any offices, employees, property, bank accounts, or business assets in Texas, nor does it lease equipment or office space in Texas. (*Id.*)

From its Riverside headquarters, Dragonfly services properties exclusively in Southern California, including Riverside County, San Bernardino County, parts of Orange County, and occasionally parts of Los Angeles County. (Palmer Decl. ¶ 4.) Dragonfly does not conduct business in Texas and has no Texas customers. (Palmer Decl. ¶¶ 3, 19.)

All of Dragonfly's corporate records, operational documents, and employees with knowledge of its business practices are located in California. (Palmer Decl. ¶¶ 2–4.)

### B.    Plaintiff's Allegations Arise from a California Property and Alleged California-Based Communications

Plaintiff's claims arise from Dragonfly's HVAC services to a residential property located at 375 Central Avenue, Riverside, California (the "Riverside Property"). (Palmer Decl. ¶ 9.) Dragonfly performed periodic HVAC services at the Riverside Property between June 2017 and May 2023 at the request of the property owner, Hector Chavez. (Palmer Decl. ¶¶ 9–10.)

During the course of those services, Hector Chavez informed Dragonfly that a phone number beginning with a 949-are code should serve as Dragonfly's point of contact for scheduling and coordinating HVAC services. (Palmer Decl. ¶ 11.) A 949-area code is assigned to

certain cities in Orange County, California. (Palmer Decl. ¶ 12.) At Hector Chavez's request, Dragonfly added that phone number as a contact for the Riverside Property and used it solely to coordinate HVAC services at that California location. (Palmer Decl. ¶ 13.) That 949-phone number is the phone number Plaintiff alleges is associated with him during the relevant period. Dragonfly's alleged communications concerning the Riverside Property—including the text messages at issue in this case—were sent in connection with services performed in California and directed to that California-based contact number.

**C.      California is the Center of Gravity for Witnesses and Evidence**

From time to time, Dragonfly communicates with its customers regarding upcoming appointments or routine maintenance services. (Palmer Decl. ¶ 6.) Because of its small size, Dragonfly outsources management of customer text communications to a third-party vendor, RP1.ai, which integrates Dragonfly's approved customer contact lists into its messaging platform. (Palmer Decl. ¶ 7.) That company is incorporated in California with a principal place of business in Cypress, California. (Brown Decl. ¶ 6, Exh. 3.)

Only customers who have provided prior express consent to receive text communications are included in Dragonfly's messaging platform. (Palmer Decl. ¶ 8.) All such communications relate to Dragonfly's HVAC services performed in California for California customers. (Palmer Decl. ¶¶ 6–8.)

At no time prior to this lawsuit was Dragonfly aware that Plaintiff had moved from California or resided in Texas, nor did Dragonfly have any reason to believe that communications directed to a California phone number would be received in Texas. (Palmer Decl. ¶ 18.) Dragonfly does not knowingly communicate with anyone in Texas or with Texas-area phone numbers. (Palmer Decl. ¶ 19.)

By contrast, aside from Plaintiff's current residence, this District has no meaningful factual connection to the claims asserted. No operative events occurred in Texas, no relevant business decisions were made here, and no material evidence is maintained in this forum. All witnesses with knowledge relevant to Plaintiff's claims—including Dragonfly's employees responsible for marketing practices, customer communications, and compliance—are located in California. (Palmer Decl. ¶¶ 2–4, 6–8.) Any third-party vendors involved in customer messaging are likewise California-based. (Palmer Decl. ¶ 7.)

Moreover, any putative class members would necessarily be individuals contacted in connection with Dragonfly's HVAC services, which are performed exclusively in California. (Palmer Decl. ¶¶ 4, 9–13.) By contrast, aside from Plaintiff's alleged current residence, no operative facts occurred in Texas, no relevant business decisions were made there, and no material evidence is located in this District. (Palmer Decl. ¶¶ 3–4, 18–19.)

**D.    <u>This Case Is In Its Earliest Procedural Posture</u>**

This action is at a very early stage. No discovery has occurred, no scheduling order has been entered, and no substantive proceedings have taken place. Transferring venue now would not disrupt the litigation or prejudice any party, and would instead allow the case to proceed efficiently in the forum best positioned to adjudicate the dispute.

## III.    <u>THE COURT SHOULD TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA</u>

"[A] district court may transfer any civil action to any other district or division where it might have been brought" for the "convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The Central District of California meets that criteria, and this case should be transferred forthwith.

A.    <u>**The Central District of California is a Proper Venue For This Action**</u>

The threshold issue of whether this action could have been brought in the Central District of California should be resolved in Dragonfly's favor. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*") ("The preliminary question under Section 1404(a) is whether a civil action 'might have been brought' in the destination venue."). The general venue statute, 28 U.S.C. §1391, which governs this analysis, provides that a case may be brought where a Defendant resides, which is defined as its principal place of business. 28 U.S.C. § 1391(b).

Here, Dragonfly's principal (and only) place of business is located within the Central District of California. (Palmer Decl. ¶ 3.) Accordingly, the Central District of California is a proper venue that could exercise personal jurisdiction over Dragonfly (a California resident) and Plaintiff (who lived in California at the time of the alleged business relationship). The Central District of California would also have subject matter jurisdiction over the claims in this case under the federal question doctrine, as both of Plaintiff's claims are brought under federal law.

B.    <u>**The Central District of California Is More Convenient for the Parties**</u>

With respect to transfer for the convenience of the parties, in determining whether to transfer under 28 U.S.C. § 1404(a), the Fifth Circuit has adopted the private and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), a *forum non conveniens* case. *Volkswagen II*, 545 F.3d at 315. The private interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make case's trial easy, expeditious, and inexpensive.

*Id.* The public interest factors are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local interests decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-laws problems involving application of foreign law.

*Id.* These factors are "not necessarily exhaustive or exclusive", and none are dispositive. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). Here, both the private and public factors weigh in favor of transfer from this District to the Central District of California.

## 1.     The Relative Ease Of Access To Sources Of Proof Favors Transfer

Nearly all sources of proof will be found in California. Dragonfly maintains its only business operations in California. (Palmer Decl. ¶ 4.) Moreover, because Dragonfly is a small company with only thirteen employees, it outsources some of its marketing work to another California company, RP1 Integration, Inc., incorporated in California with a principal place of business in Cypress, California. (Palmer Decl, ¶ 7; Brown Decl. ¶ 6, Exh. 3.) Because Dragonfly exclusively serves customers located in California, the vast majority of customers that may have knowledge of Dragonfly's marketing practices are likely to be found in California. To be sure, as this case progresses in class discovery, the parties will need to source individualized proof from individual putative class members which bear on whether each individual consented to receive text messages from Dragonfly. All of those putative class members will also be located in California, almost exclusively within the Central District of California.

## 2.     The Availability of Compulsory Process Favors Transfer to Central District of California

The relevant witnesses for Plaintiff's TCPA claims are in the Central District of California. For example, the witnesses related to Plaintiff's class certification will primarily be

those responsible for or with knowledge of the Dragonfly's internal advertising and marketing practices. Moreover, any putative class members—Dragonfly customers that allegedly received text messages—are also highly likely to be located in California. After all, Dragonfly is a small HVAC company that provides local repairs exclusively in California. (Palmer Decl. ¶¶ 3, 4.) Moreover, because Dragonfly is a small company with only thirteen employees, it outsources some of its marketing work to another California company, RP1 Integration, Inc., incorporated in California with a principal place of business in Cypress, California. (Palmer Decl, ¶ 7; Brown Decl. ¶ 6, Exh. 3.) This non-party would be subject to compulsory process in California, but not Texas. This factor accordingly favors transfer.

### 3.    The Attendance of Willing Witnesses Strongly Favors Transfer

"The convenience of the witnesses is probably the single most important factor in [a venue] transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (internal citations omitted) (reviewing case from the Eastern District of Texas and applying the Fifth Circuit's §1404(a) standards). In considering this factor, the court also includes the party's witnesses. *See In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (hereinafter "*Volkswagen I*"). The number of witnesses who would have to travel from the Central District of California would be significant if the case is in this District. By contrast, likely, the *only* identifiable witness in this District required to travel would be the named Plaintiff. To be sure, all of Dragonfly's employees and customers are based in California. With this as a putative class action, there are potentially hundreds of witnesses that are highly likely to reside only in California—as that is where Dragonfly exclusively does business.

### 4.    The "All Other Practical Problems" Factor Favors Transfer

There are no practical problems that weigh against transfer here. This case is in its very early stages, with no scheduling order having been entered, and no discovery initiated. Transferring the case now would not disrupt the progress of the case or cause significant delay. Thus, this factor slightly favors transfer.

### 5.    No Administrative Difficulties Disfavor Transfer

A transfer to the Central District of California will not create congestion; it will reduce the overburden currently placed on the Western District of Texas. In fact, the Western District of Texas has recently recognized the "current status of the Austin Division" having fewer judges than its population demands. *See Concurrent Ventures, LLC v. Advanced Micro Devices, Inc.*, No. A-24-CV-335-DII, 2025 U.S. Dist. LEXIS 17837, at *23 (W.D. Tex. Jan. 31, 2025) (citing *"Austin's Sole Federal District Judge May Be the Most Overburdened in America*," The Austin Chronicle (Sept. 29, 2023), available at https://www.austinchronicle.com/news/2023-09-29/austins-sole-federal-district-judge-may-be-the-most-overburdened-in-america/.) This is supported by available statistics, indicating that the Central District of California sees civil cases proceed to trial faster than the Western District of Texas by an average of five months. *See* U.S. District Courts – Federal Court Management Statistics, available at https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0930_2025.pdf. Accordingly, this factor weighs in favor of transfer.

### 6.    Local Interests Favor Transfer to Central District of California

The local interest factor favors "localized interests decided at home," considering the "factual connection" a case has with the transferee and transferor venues. *Volkswagen I*, 371 F.3d at 206; *see also In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320 (Fed. Cir. 2021) (finding interest in Waco division was minimal where party's "presence in Waco appears to be both

recent and relatively insubstantial"). "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. This factor weighs in favor of adjudicating this action in California. This case has a far greater factual connection to California than to the Western District of Texas, so it should be decided by a California jury instead of a Texas jury with no connection to where the allegedly unlawful consumer practices are occurring and where the targeted consumers reside. And California courts have a greater interest adjudicating a lawsuit brought against an in-state corporation that only does business in California than Texas has in adjudicating a nationwide class action brought against a California corporation that has never done business in Texas.

Moreover, it is well-settled that "[t]he deference given to Plaintiff's choice of forum 'is reduced…in a[ ] class action, where members of the class are dispersed throughout the nation." *C-Mart, Inc. v. Metro. Life Ins. Co.*, No. 4:13cv00052 AGF, 2013 U.S. Dist. LEXIS 76587 *12 (E.D. Mo. May 31, 2013) (quoting *In re Global Cash Access Holdings, Inc. Secs. Litig.*, No. 08 Cv. 3516, 2008 U.S. Dist LEXIS 70367, *7 (S.D.N.Y. Sept. 18, 2008)).

To be clear, "as dictated by the United States Supreme Court, the choice of forum of a named plaintiff in a class action suit should be given less deference since any member of the putative class could potentially bring suit in his or her own forum." *Smith v. HireRight Sols., Inc.*, No. 09-6007, 2010 U.S. Dist. LEXIS 55477, at *10 (E.D. Pa. June 7, 2010) (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). The Supreme Court further explained in *Koster* that, "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate

merely because it is his home forum is considerably weakened." *Smith*, 2010 U.S. Dist. LEXIS 55477, at *10 (quoting *Koster*, 330 U.S. at 524).

Cases from around the country are in accord. *Geismann v. ZocDoc, Inc*., No. 4:14cv472 CDP, 2014 U.S. Dist. LEXIS 11870, at *11 (E.D. Mo. Aug. 26, 2014) (finding that a plaintiff's choice of forum deserves little to no deference "when the plaintiff proposes to represent a nationwide class," and granting a 28 U.S.C. § 1404(a) motion to transfer in a putative TCPA class action."); *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 549 (E.D.N.Y. 2012) (finding that litigating a class action suit with numerous diverse claimants markedly diminished the class representative's choice of forum because the class representative was only one of many potential plaintiffs who could equally demonstrate the right to litigate in their home courts); *Klingensmith v. Paradise Shops, Inc.*, No. 07-322, 2007 U.S. Dist. LEXIS 51591, at *7 (E.D. Pa. July 17, 2007) (declining to grant deference to forum choice of lead plaintiffs in a class action brought under a federal statute).

This case involves a prior California resident plaintiff who, after moving to Texas, has brought two federal claims against a California company that does business exclusively in California. Plaintiff seeks to bring both claims on behalf of a nationwide class. Put simply, Plaintiff is asking his fellow "nationwide" class—all of whom are expected to be located in California (where Dragonfly exclusively does business)—to travel to Texas to litigate their TCPA claims against Dragonfly all because Plaintiff relocated there prior to bringing suit. Under

these circumstances, the named Plaintiff's unique locality should not be given deference, where California is home to the Defendant and the putative class members.[1]

### 7.    The Central District of California is Familiar with Federal Law

This factor considers the familiarity of the respective forums to the law governing the case. This factor is neutral in this case because both federal courts in California and Texas are equally familiar with Plaintiff's federal causes of action under the TCPA.

### 8.    Transfer to the Central District of California Will Not Create a Conflict of Law.

This factor is likewise neutral because Plaintiff brings only federal claims. During meet and confer efforts, Plaintiff did not identify any conflict of law between the Fifth and Ninth Circuit interpretation of the TCPA.

These factors all weigh in favor of transfer or are neutral and this case should be transferred to the Central District of California.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Dragonfly respectfully requests that the Court grant its motion and transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

---

[1] This is particularly true where, as here, Plaintiff's attorneys are located in Glenside, Pennsylvania, and would be traveling to appear at any deposition, trial, or proceeding, regardless of whether the case is heard in Texas or California.

DATED:  January 14, 2026

                                                    */s/ Jeffrey K. Brown*
                                                    Jeffrey K. Brown, CA Bar No. 162957
                                                    Alejandro G. Ruiz *(Pro Hac Vice forthcoming)*
                                                    Camilla J. Dudley (*Pro Hac Vice forthcoming*)
                                                    PAYNE & FEARS LLP
                                                    Attorneys at Law
                                                    4 Park Plaza, Suite 1100
                                                    Irvine, California 92614
                                                    Telephone: (949) 851-1100
                                                    Facsimile: (949) 851-1212
                                                    jkb@paynefears.com
                                                    agr@paynefears.com

                                                    Attorneys for Defendant All Axis Holdings, Inc.
                                                    d/b/a Dragonfly Heating and Cooling

4897-9887-0917.5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of January, 2026, a true and correct copy of

**DEFENDANT ALL AXIS HOLDINGS, INC. D/B/A DRAGONFLY HEATING AND**

**COOLING'S OPPOSED MOTION TO TRANSFER UNDER 28 U.S.C. § 1404**

**MEMORANDUM OF POINTS AND AUTHORITIES** was served via electronic service on

the following in accordance with Fed. R. Civ. P. 5(b)(2)(E):

Andrew Roman Perrong, Esq.   *Attorneys for Plaintiff Michael Chavez ana*
Perrong Law LLC       *the Proposed Class*
2657 Mount Carmel Avenue
Glenside, PA 19038
Email: a@perronglaw.com

Anthony Paronich, Esq.     *Attorneys for Plaintiff Michael Chavez ana*
Paronich Law, P.C.       *the Proposed Class*
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

       By */s/ Paige Fruth*
         Paige Fruth, an Employee of
         PAYNE & FEARS LLP