IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL CHAVEZ, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>ALL AXIS HOLDINGS, INC. d/b/a DRAGONFLY HEATING AND COOLING<br>     Defendant. | Case No.<br><br>**1:25-CV-2001**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER**

1

## INTRODUCTION

Defendants that call consumers without consent in Texas should expect to be called into court in Texas. That includes Defendant, All Axis Holdings, Inc. d/b/a Dragonfly Heating and Cooling, who sent numerous communications to Michael Chavez, a Texas resident, multiple times to offer him HVAC services for a house he does not own and after he asked for the messages to stop. Mr. Chavez's disinterest was not a secret. He listed his number on the National Do-Not-Call Registry to stop telemarketers like Dragonfly from calling or texting him. He specifically asked Dragonfly to refrain from doing so. But Dragonfly did not comply with the Registry nor honor Mr. Chavez's Do Not Call request, despite not even servicing the State of Texas. The irony of Dragonfly's motion is apparently lost on Dragonfly, who could not even stop calling the Plaintiff, despite not even being able to provide its services, but now seeks to avoid the forum where it directed its intentional and unlawful conduct.

Because the calls were made unlawfully into Texas, to a Texas resident, and after Mr. Chavez asked that they stop, Mr. Chavez sued Dragonfly in this putative class action under the TCPA. He chose this venue because the Court has specific jurisdiction over Dragonfly and because it called Mr. Chavez here. Even so, Dragonfly wants to transfer this case to California because it would be more "convenient" for Dragonfly. But the calls Plaintiff received were inconvenient, not to mention harassing, invasive of his privacy, and illegal, too. For the following reasons, the Defendant's motion should be denied in total.

## LEGAL STANDARD

A district court may, in the interest of justice, "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving for transfer bears the heavy burden of demonstrating that transfer is proper since the plaintiff's

choice of forum is entitled to great weight and will rarely be disturbed. *E.E.O.C. v. Mustang Mobile Homes, Inc.*, 88 F. Supp. 2d 722, 726 (W.D. Tex. 1999)

In the Fifth Circuit, a Section 1404(a) transfer motion requires the moving party, Dragonfly, to demonstrate that the transferee venue is "clearly more convenient" than the Plaintiff's chosen venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The Fifth Circuit has adopted the Supreme Court's private and public interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), in determining whether the *forum non conveniens* factors have been met. *Id.* They are reproduced below:

| *Gilbert* Private Factors | *Gilbert* Public Factors |
|---|---|
| Ease of Access to Sources of Proof | Administrative Difficulty |
| Availability of Compulsory Process | Local Interest |
| Witness Cost of Attendance | Familiarity of Forum Law |
| Other Practical Problems | Conflicts of Laws |

In deciding whether to transfer this action, this Court must first examine whether the statutory prerequisite that the transferee court is one in which the action "might have been brought" is satisfied. *Id.* at 312. If it is, as it concededly is here, the Court must then consider the *Gilbert* public and private factors to evaluate whether the transfer is in the interests of justice and would serve the convenience of parties and witness. *Id.*

## ARGUMENT
a. **The *Gilbert* private factors favor Mr. Chavez and counsel against transfer.**

The burden is on Dragonfly to justify a transfer, and that burden is "heavy." *Brock v. Baskin-Robbins USA Co.*, 113 F. Supp. 2d 1078, 1086 (E.D. Tex. 2000). The plaintiff's choice of venue is "a paramount consideration," that must "not be lightly disturbed. *Scheble v. Davenport*, No. CIV.A.3:07CV0189-M, 2007 WL 1893364, at *2 (N.D. Tex. June 29, 2007). Because, as

Plaintiff's opposition to Defendant's Motion to Dismiss makes clear, this Court has jurisdiction and venue is appropriate, Dragonfly has not met its burden of justifying transfer, let alone its "heavy" burden for doing so, particularly in light of the Plaintiff's choice of venue. Transfer is not warranted if it would merely shift the inconvenience from the defendant to the plaintiff. *Cypress Real Est. Advisors, Inc. v. Cypress Realty Advisors, LLC*, No. A09-CA-629-SS, 2009 WL 3381161, at *3 (W.D. Tex. Oct. 19, 2009). That being the case here, and the balance of the *Gilbert* public and private factors weighing in favor of Mr. Chavez and against transfer, this case ought not to be transferred.

The four *Gilbert* private factors govern whether a Court should transfer venue, as outlined above. On balance, those factors favor Mr. Chavez, not Dragonfly. The first *Gilbert* factor, the relative access to sources of proof, at best, merely shifts the burden to the Plaintiff, who resides here, to the Defendant, who is located in California. But even that burden is not as heavy as Dragonfly makes out. In this case, almost all of the telephone calling records at issue in this litigation are located electronically and are just as easily accessed from California as they are in Texas. And, the Plaintiff is willing to take depositions of Dragonfly's witnesses virtually, provided that Dragonfly extends the same reciprocity with respect to Plaintiff. In sum, given that the majority of the evidence in this matter will consist of ESI-based telephone calling records, there is no relative ease of access to sources of proof that overwhelmingly favors transfer to California. Next, the availability of compulsory process also does not favor transfer. At this stage, the only third party from whom compulsion of evidence may be necessary is Dragonfly's third party lead generator, RP1 Integrations, from which compulsory process will need to be sought, at Plaintiff's expense, in California. The presence of a single third party witness outside

Texas is hardly a basis to justify transfer on (at this point, purely speculative) compulsory process grounds.

Turning to the final two *Gilbert* private factors, neither of those weigh in favor of transfer, either. As explained above, to the extent that the parties are unable to agree to conduct some discovery in this matter virtually, it is inevitable that this litigation will involve *some* degree of travel on *someone's* part. And here, all Defendant proposes is merely to shift those travel burdens away from it as the Defendant and on to the Plaintiff. This is insufficient: "Defendant is inconvenienced by continuing in this Court, Plaintiff would be inconvenienced by transferring the case to California. Transferring would thus merely shift the inconvenience from one party to the other, and this is not a sufficient basis warranting transfer." *Cypress*, 2009 WL 3381161, at *3. Plaintiff would also be remiss if he did not note that he has not resided in California since 2017 and thus that Dragonfly had no business texting Plaintiff as late as 2023, a fact that shows, for all intents and purposes, that Dragonfly's stated belief that the Plaintiff resides in California is one that is manifestly unreasonable.

Finally, other practical problems further counsel *against* transfer. As outlined above, given that the majority of the evidence in this case is in the form of telephone records and other similar forms of ESI that are readily accessible from anywhere, it makes little sense to transfer this action. Relatedly, the Central District of California has some of the most onerous and esoteric procedural requirements with respect to handling of discovery in class action cases, discovery disputes, and motions practice. The Central District also has significant variation in rules from judge to judge, which can complicate case management. The Central District also requires courtesy copies of motions and other pleadings to be and physically delivered by noon the following day, in blue-backed format, to the presiding judge, another practical requirement

that this Court lacks. It should also be noted that many judges in the Central District do not permit telephonic or Zoom hearings, thus requiring counsel to take plane ride, each way, to California every time the court wants to hold a hearing on even a mundane scheduling issue. These practical considerations make trial and motions practice in this matter all the more difficult, onerous, slow, and expensive in the Central District of California, Defendant's proposed transferee Court, than even in this Court.

    b.  **The *Gilbert* public factors favor Texas and counsel against transfer.**

The *Gilbert* public interest factors also disfavor transfer. Administrative difficulty favors the Plaintiff. Local interests favor the Plaintiff. And the other two factors weigh neutrally as this is a federal class action for violations of federal law implicating no forum law or conflict of law issues.

The first *Gilbert* public factor, the relative administrative difficulty and caseload of both courts, weighs strongly against transfer. Mere caseload alone highlights the practical consequences of the Central District of California's overly formalistic and esoteric practices, which are unparalleled in the federal system. According to the Administrative Office of the United States Courts, the Central District of California has 634 civil actions per judgeship, as compared with this Court's relatively low 402. *Comparison of Districts*, ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, September 30, 2025, https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison0930_2025.pdf. Moreover, what matters is judgeships, not time differences, which are "not a major distinction" between the Districts. *Cypress*, 2009 WL 3381161, at *4.

The second *Gilbert* public factor, local interests in local controversies, also weights against transfer. While Defendant concedes that it directed the illegal telemarketing conduct at

issue from California, that conduct hit Texas. As Plaintiff explains in his opposition to Defendant's dismissal motion, Plaintiff is alleging Defendant took actions that occurred when the calls were received *in Texas* when Defendant aimed its telemarketing at persons nationwide, including Texas, who received the subject calls. "The actions giving rise to the cause are, therefore, local actions, occurring in the [Western District of Texas] that would benefit from local resolution." *Id.* Defendant, as the defendant in *Cypress*, misapplies this factor and justifies respecting the Plaintiff's choice of forum since he was harmed here.

And Texas, specifically the Western District of Texas, enjoys a substantial public policy in giving a forum for individuals like Mr. Chavez aggrieved by the receipt of illegal telemarketing a forum to air their grievances and seek justice. And while Dragonfly says that its home turf has a greater interest in overseeing such disputes over illegal activity committed within its borders, that improperly places California's interest in protecting the legal interests of its citizens committing illegal activities over Texas' interest in protecting victim residents. Moreover, even though there are liable to be class members in other states, the lead Plaintiff is a Texas resident, who, like doubtless other class members, have moved from California and asked for the messages to stop, including because they would have no need of Defendant's services after they had moved, but did not. Indeed, the location where the claim arose is a public interest factor because local judges and juries are preferred arbiters of events in their jurisdiction and community, including for those Plaintiffs, like Mr. Chavez, who have not resided in Dragonfly's coverage area for many years but still got calls. *Id.*

Finally, the last two *Gilbert* factors, Familiarity of Forum Law and Conflicts of Laws, do not apply, as the Plaintiff asserts violations of a federal statute, which either Court will be called to interpret in the same way. This case presents no forum-specific familiarity or conflicts

7

challenges that might otherwise justify a transfer either. Defendant concedes that these factors weigh neutrally, but they certainly do not weigh in favor of transfer under the heavy burden and standard that the Fifth Circuit has articulated.

Being that the *Gilbert* public factors also counsel against transfer, the motion ought to be denied.

## CONCLUSION

For the reasons above, the Court should deny Dragonfly's motion to transfer.

RESPECTFULLY SUBMITTED AND DATED February 4, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, a copy of the foregoing was served electronically on counsel for the Defendants via the ECF system, which will send a copy to all counsel of record.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Attorney for Plaintiff*