# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL CHAVEZ, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No.: 1:25-CV-2001 |
| ALL AXIS HOLDINGS, INC. d/b/a DRAGONFLY HEATING AND COOLING, | |
| Defendant. | |

## DEFENDANT ALL AXIS HOLDINGS, INC. D/B/A DRAGONFLY HEATING AND COOLING'S REPLY IN SUPPORT OF <u>OPPOSED</u> MOTION TO TRANSFER UNDER 28 U.S.C. § 1404

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.    INTRODUCTION ...................................................................................................4

II.   PLAINTIFF DOES NOT DISPUTE THAT THIS ACTION COULD HAVE
      BEEN BROUGHT IN THE CENTRAL DISTRICT OF CALIFORNIA .........................5

III.  THE PRIVATE INTEREST FACTORS STRONGLY FAVOR TRANSFER.................5

      A.    The Operative Facts, Evidence, and Witnesses Are Centered in California ..........6

      B.    Compulsory Process and Witness Convenience Favor California ........................8

      C.    There Are No "Practical Problems" In Transferring This Case ............................9

IV.   THE PUBLIC INTEREST FACTORS ALSO FAVOR TRANSFER ............................10

      A.    Court Congestion Weighs In Favor of Transfer ...................................................10

      B.    California Has the Predominant Local Interest......................................................11

V.    CONCLUSION.....................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*C-Mart, Inc. v. Metro. Life Ins. Co.*,
  No. 4:13cv00052 AGF, 2013 U.S. Dist. LEXIS 76587
  (E.D. Mo. May 31, 2013) ...................................................................................8

*Cypress Real Estate Advisors, Inc. v. Cypress Realty Advisors LLC*,
  No. A-09-CA-629-SS, 2009 U.S. Dist. LEXIS 96792
  (W.D. Tex. Oct. 19, 2009) ................................................................................12

*Gatekeeper Sols., Inc. v. Darktrace, Inc.*,
  No. 4:24-CV-723-SDJ, 2025 U.S. Dist. LEXIS 227289
  (E.D. Tex. Nov. 19, 2025) ..................................................................................7

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ..........................................................................9

*Japan Display Inc. v. Tianma Microelectronics Co.*,
  No. 2:20-CV-283-JRG, 2021 U.S. Dist. LEXIS 160256
  (E.D. Tex. Aug. 25, 2021) .............................................................................7, 11

*Koster v. Lumbermens Mut. Cas. Co.*,
  330 U.S. 518 (1947) ..........................................................................................13

*In re Radmax*,
  720 F.3d 285 (5th Cir. 2013) ..............................................................................8

*Scheble v. Davenport*,
  No. CIV.A.3:07CV0189-M, 2007 U.S. Dist. LEXIS 47367
  (N.D. Tex. June 29, 2007) ...................................................................................8

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) .......................................................................10, 12

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ........................................................................6, 10

**Statutes**

28 U.S.C. § 1404 ................................................................................... *passim*

**Other Authorities**

*Comparison of Districts,* ADMINISTRATIVE OFFICE OF THE UNITED
    STATES COURTS, September 30, 2025, https://www.uscourts.gov/sites/............................12

## I.    <u>INTRODUCTION</u>

This case belongs in California. Plaintiff does not dispute that Defendant All Axis Holdings, Inc. d/b/a Dragonfly Heating and Cooling ("Dragonfly") is a California company that operates exclusively in Southern California; that the alleged communications arose from services performed at a California property; that the decisions, systems, and witnesses relevant to the claims are located in California; or that the putative class necessarily consists of individuals contacted in connection with Dragonfly's California-based HVAC services. Instead, Plaintiff argues that venue should remain in Texas because he personally received text messages there after relocating from California.

That argument misstates the governing law. Under 28 U.S.C. § 1404(a), the relevant inquiry is not where a plaintiff later experiences the effects of alleged conduct, but where the operative facts occurred and whether the transferee forum is clearly more convenient for the parties, witnesses, and the interests of justice. The Fifth Circuit has repeatedly held that a plaintiff's unilateral relocation—and the fortuity of where communications are received—does not outweigh the location of the defendant's conduct, evidence, and witnesses.

 Here, every meaningful connection to this dispute lies in California. Plaintiff's Opposition relies almost entirely on generalized assertions of inconvenience, policy preferences, and forum familiarity, none of which overcome the overwhelming factual and practical nexus to the Central District of California. Because Dragonfly has met its burden under § 1404(a), the Court should transfer this action.

## II.    PLAINTIFF DOES NOT DISPUTE THAT THIS ACTION COULD HAVE BEEN BROUGHT IN THE CENTRAL DISTRICT OF CALIFORNIA

As an initial matter, Plaintiff concedes the threshold requirement for transfer: that this action might have been brought in the Central District of California. (Dkt. No. 20 at p.3); *see* 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). Dragonfly is headquartered in Riverside, California; the alleged conduct occurred in California; and Plaintiff resided in California during the relevant business relationship. Federal subject-matter jurisdiction is undisputed.

Accordingly, the only question before the Court is whether the private and public interest factors weigh in favor of transfer. They do.

## III.    THE PRIVATE INTEREST FACTORS STRONGLY FAVOR TRANSFER

The Fifth Circuit has expressly rejected Plaintiff's proposed standard that Defendant's burden to justify a transfer is "heavy." (Dkt. No. 20 at p.3 (citing *Brock v. Baskin-Robbins USA Co.*, 113 F. Supp. 2d 1078, 1086 (E.D. Tex. 2000).) Four years later, the Fifth Circuit recognized that "the 'heavy burden traditionally imposed upon defendants by the forum non conveniens doctrine . . . was dropped in the § 1404(a) context. In order to obtain a new federal [venue], the statute requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d at 314. The Fifth Circuit ruled that the burden of the party seeking transfer is merely to show "good cause." *Id.* ("This 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled.") Good cause for transfer exists here because the Central District of California is clearly more convenient for the parties and is in the interest of justice.

---

A.     <u>**The Operative Facts, Evidence, and Witnesses Are Centered in California**</u>

Plaintiff does not dispute that majority of operative facts, evidence, and witnesses are based in California. Texas district courts "have held that this factor weighs in favor of transfer 'when a majority of the tangible and documentary evidence is located in the transferee court's district.'" *Gatekeeper Sols., Inc. v. Darktrace, Inc.*, No. 4:24-CV-723-SDJ, 2025 U.S. Dist. LEXIS 227289, at \*7 (E.D. Tex. Nov. 19, 2025) (internal citations omitted.) Where "the bulk of the relevant evidence usually comes from the accused", *id.*, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.*

Because Plaintiff cannot dispute this, he instead attempts to minimize the importance of California-based evidence by claiming "the majority of the evidence" consists of "ESI-based telephone calling records." (Opp. at 4.) But "[n]otwithstanding well-known advances in technology and the digitization of data, courts nonetheless continue to consider the relevance and importance of the physical location of these sources." *Gatekeeper Sols., Inc.*, 2025 U.S. Dist. LEXIS 227289, \*7; *see also Japan Display Inc. v. Tianma Microelectronics Co.,* No. 2:20-CV-283-JRG, 2021 U.S. Dist. LEXIS 160256, at \*13 (E.D. Tex. Aug. 25, 2021) ("[T]he physical location of evidence—even if stored electronically—remains a relevant consideration for the convenience analysis.").

Regardless, framing the evidence as solely ESI-based telephone calling records oversimplifies the nature of Plaintiff's claims. The relevant evidence is not merely call logs; it will include Dragonfly's business practices, customer records, vendor relationships, and employee testimony—nearly all of which are located in California. Moreover, adjudication of the putative class members' claims will require highly-individualized inquiries into specific consumer interactions to determine the issues of consent. Given that Dragonfly services

addresses located *only* in California, the vast majority of putative class members are likely to reside in California.

By contrast, Plaintiff identifies no witnesses or evidence located in Texas other than himself. Plaintiff argues this is enough to defeat transfer, relying on *Scheble v. Davenport*, No. CIV.A.3:07CV0189-M, 2007 U.S. Dist. LEXIS 47367, at *2 (N.D. Tex. June 29, 2007), for the proposition that the plaintiff's choice if a "paramount consideration." *Scheble* was a suit filed by one spouse against a former spouse seeking to enforce a former judgment she obtained in that same district. *Id.* at *7 ("Plaintiff resides in this District, and all of the events that led to the present action, including issuance of a judgment, took place in this District."). Those facts are inapposite to the instant case.

More importantly, however, Plaintiff ignores entirely the line of cases discussed in the moving papers that "[t]he deference given to Plaintiff's choice of forum 'is reduced . . . in a[] class action, where members of the class are dispersed throughout the nation." *C-Mart, Inc. v. Metro. Life Ins. Co.*, No. 4:13cv00052 AGF, 2013 U.S. Dist. LEXIS 76587 *12 (E.D. Mo. May 31, 2013) (quoting *In re Global Cash Access Holdings, Inc. Secs. Litig.*, No. 08 Cv. 3516, 2008 U.S. Dist. LEXIS 70367, *7 (S.D.N.Y. Sept. 18, 2008)). Here, any deference of Plaintiff's choice of venue in Texas should be reduced significantly where putative class members are expected to be primarily based in California, even if a handful, like plaintiff, allegedly relocated outside of California at some time after consenting to receiving text messages. In any event, Plaintiff's choice of venue, alone, is insufficient to defeat transfer. *See In re Radmax*, 720 F.3d 285, 290 (5th Cir. 2013) (holding that courts abuse their discretion when they deny transfer solely because the plaintiff's choice of forum weighs against transfer).

Accordingly, given that all relevant documents in this case are located in Central District of California, and none are located in the Western District of Texas, this factor favors transfer, notwithstanding the possibility that some documents may be available electronically.

## B.      Compulsory Process and Witness Convenience Favor California

Plaintiff also cannot dispute that the majority of witnesses are located in California. Instead, Plaintiff argues "it is inevitable that this litigation will involve *some* degree of travel of *someone*'s part" such that transfer merely shifts the burden of one party to another. (Opp. at 5.) But that argument once again ignores the reality of this case. In fact, Plaintiff concedes that the only identified third-party witness—RP1.ai—is located in California and subject to compulsory process there, not in Texas. That alone favors transfer. But any other third-party witnesses are also likely to be located in California and subject to compulsory process there, not in Texas. For example, to the extent Plaintiff seeks to subpoena any former employees of Dragonfly, Plaintiff will need to seek compulsory process in California. More importantly, to the extent Dragonfly will seek to depose putative class members, which it will, those class members are likely to be located within the 100-mile radius of the Central District, the small geographic area where all of Dragonfly's customers are found. Litigation of this case in Texas will not only unduly burden Defendant, but also all third-party witnesses, *and the very putative class members Plaintiff seeks to represent*.

Moreover, the convenience of witnesses "is probably the single most important factor" in the § 1404 analysis. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). In fact, the Fifth Circuit has even developed the "100-mile threshold" such that "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional

distance to be traveled." *In re Volkswagen of Am., Inc.*, 545 F.3d at 317 (citing *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004)). Here, of course, the Central District of California is *several hundreds* of miles away from the Western District of Texas. Accordingly, the weight of this factor "increases" significantly in favor of transfer.

Requiring numerous California-based witnesses to travel to Texas—when Plaintiff is the only identified Texas-based witness—would impose precisely the inefficiency § 1404(a) is designed to prevent. Accordingly, the second and third private factors also weigh in favor of transfer.

### C.    There Are No "Practical Problems" In Transferring This Case

Plaintiff devotes significant space to criticizing the Central District of California's local rules, discovery practices, and hearing procedures. These arguments are misplaced. As an initial point, Plaintiff offers no authority that the Central District of California "has some of the most onerous and esoteric procedural requirements", that it "has significant variation in rules from judge to judge," and that "many judges . . . do not permit telephonic or Zoom hearings." (Dkt. No. 20 at 6.) But even accepting these highly generalized conclusions as true, Plaintiff offers no authority that a federal district court's local rules constitute "practical problems" so as to weigh against a defendant's right to seek transfer under Section 1404(a).[1] Indeed, court's have explicitly rejected Plaintiff's argument that travel for *counsel* is a factor to be determined at all. *In re Volkswagen AG*, 371 F.3d at 206 ("The word 'counsel' does not appear anywhere in §

---

[1] Further, Plaintiff concedes there is no conflict of law and that the Central District of California is sufficiently familiar with the law governing his claims. (Opp. at 6 ("the other two factors weigh neutrally as this is a federal class action for violations of federal law implicating no forum law or conflict of law issues.").

1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a).").

In reality, there are no "practical problems" in transferring this case. While courts have not considered idiosyncrasies of a federal district court as "practical problems", they have considered whether the moving party acted with "reasonable promptness" in bringing the motion. *Japan Display Inc.*, 2021 U.S. Dist. LEXIS 160256, at *20. Here, Dragonfly moved for transfer as its initial responsive pleading, and has not created any "practical problem" in seeking a change of venue in the throes of litigation.

To the contrary, there may be "practical problems" for *not transferring* this case. Dragonfly has moved to dismiss Plaintiff's case for lack of personal jurisdiction because Dragonfly lacks personal contacts in Texas in the first place. Because all of the private interest factors weigh in favor of transfer, the Court should grant Dragonfly's motion.

## IV.     THE PUBLIC INTEREST FACTORS ALSO FAVOR TRANSFER

Plaintiff concedes the third and fourth public interest factors are neutral and do not weigh against transfer because the Central District of California is familiar with federal law and no conflict of law issues will arise in this case. (Dkt. No. 20 at 6.) Plaintiff argues that administrative difficulty and local interests weigh against transfer. But Plaintiff misapplies these factors here.

### A.     Court Congestion Weigh In Favor Of Transfer

Plaintiff argues administrative difficulty weighs against transfer because the Central District of California has more civil actions per judgeship than Courts in this District. Without

authority, Plaintiff argues "what matters is judgeships, not time differences."[2] Even accepting Plaintiff's unsupported contention as true, this factor weighs in favor of transfer even more strongly. According to *Comparison of Districts* relied on by Plaintiff, the Central District of California has 712 *total* actions per judgeship, as compared with the Western District of Texas maintaining *nearly double* that amount at 1,144 total actions per judgeship. *Comparison of Districts,* ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, September 30, 2025, https://www.uscourts.gov/sites/ default/files/ document/fems_ na _ distcomparison0930 2025.pdf. Plaintiff's provided statistics—limited to civil cases—fails to adequately represent any given judgeship's caseload.

Accordingly, this factor weighs in favor of transfer.

### B.    California Has the Predominant Local Interest

Lastly, Plaintiff argues that Texas has a strong local interest to adjudicating this putative nationwide class action lawsuit against a California company serving California customers at California properties that allegedly sent texts to California phone numbers for no reason other than because Plaintiff moved to Texas (without ever informing Dragonfly of his move). The local interest factor favors "localized interests decided at home," considering the "factual connection" a case has with the transferee and transferor venues. *In re Volkswagen AG*, 371 F.3d at 206.

---

[2] Plaintiff's citation to *Cypress Real Estate Advisors, Inc. v. Cypress Realty Advisors LLC*, No. A-09-CA-629-SS, 2009 U.S. Dist. LEXIS 96792, at *11 (W.D. Tex. Oct. 19, 2009) is misleading. *Cypress* did not hold that time-to-trial matters *less* than judgeships in the analysis. *Cypress* merely acknowledged that the Defendant may be correct in asserting the time difference in place in 2009 between the Western District of Texas and the Southern District of California was "not a major distinction." Here, the time difference between the Districts is significant—five months.

As discussed at length above, the "factual connection" to this case is rooted in California. Save for Plaintiff himself, all witnesses—party or otherwise—all documents, and all evidence are expected to be located exclusively in California. While Texas may have some interest in protecting its consumers, Plaintiff has not sought a putative class action on behalf of a Texas class. Plaintiff seeks to represent a *nationwide* class, making the interests of Texas in protecting its consumers no greater than any other state. The United States Supreme Court has made this clear. *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs, . . . the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.")

California, on the other hand, maintains a dual-interest in this controversy—first, in protecting consumers located in the state. Indeed, because Dragonfly serves exclusively California-based customers, the putative class members are expected to be based in California. But California also maintains an interest in adjudicating what constitutes fair business practices for California-based companies. Accordingly, California has the predominant local interest in resolving this controversy.

This factor weighs in favor of transfer.

## V.    <u>CONCLUSION</u>

Plaintiff's Opposition confirms what the Motion to Transfer already established: this case has no meaningful connection to Texas other than Plaintiff's post-hoc residence. All relevant conduct, witnesses, evidence, and putative class members are located in California. Under settled Fifth Circuit law, the Central District of California is clearly the more convenient forum.

For these reasons, Defendant respectfully requests that the Court grant its Motion and transfer this action pursuant to 28 U.S.C. § 1404(a).

ATED: February 11, 2026

_/s/ Alejandro G. Ruiz_
_____

Jeffrey K. Brown
Alejandro G. Ruiz _(Pro Hac Vice)_
Camilla J. Dudley _(Pro Hac Vice)_
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212
jkb@paynefears.com
agr@paynefears.com
cjd@paynefears.com

Attorneys for Defendant All Axis Holdings, Inc.
d/b/a Dragonfly Heating and Cooling

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2026, a true and correct copy of

**DEFENDANT ALL AXIS HOLDINGS, INC. D/B/A DRAGONFLY HEATING AND**

**COOLING'S REPLY IN SUPPORT OF OPPOSED MOTION TO TRANSFER UNDER**

**28 U.S.C. § 1404** was served electronically via the ECF system on the following in accordance

with Fed. R. Civ. P. 5(b)(2)(E):

Andrew Roman Perrong, Esq.                    *Attorneys for Plaintiff Michael Chavez ana*
Perrong Law LLC                                       *the Proposed Class*
2657 Mount Carmel Avenue
Glenside, PA 19038
Email: a@perronglaw.com

Anthony Paronich, Esq.                          *Attorneys for Plaintiff Michael Chavez ana*
Paronich Law, P.C.                                    *the Proposed Class*
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com


By   */s/ Paige Fruth*
_____
          Paige Fruth, an Employee of
          PAYNE & FEARS LLP