**FILED**

July 29, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAVEZ, individually and on behalf of all others similarly situated, | § § § § | No. 1:25-CV-2001-DAE |
| Plaintiff, | § § § | |
| v. | § § | |
| ALL AXIS HOLDINGS, INC., d/b/a DRAGONFLY HEATING AND COOLING, | § § § § | |
| Defendant. | § | |

ORDER GRANTING MOTION TO TRANSFER

Before the Court is Defendant All Axis Holdings, Inc., d/b/a

Dragonfly Heating and Cooling's ("Defendant" or "Dragonfly") Opposed Motion

to Transfer Venue to the Central District of California filed on January 14, 2026.

(Dkt. # 12.)  Plaintiff Michael Chavez ("Chavez" or "Plaintiff") filed a Response in

Opposition on February 4, 2026.  (Dkt. # 20.)  Defendant filed a Reply on

January 20, 2026,  (Dkt. # 23), along with objections to Plaintiff's declaration.

(Dkt. # 24.)  The Court finds this matter suitable for disposition without a hearing.

After carefully considering the memoranda and exhibits filed in support of and in

opposition to the motion, the Court—for the reasons that follow—**GRANTS**

Defendant's Motion to Transfer.  (Dkt. # 12.)

1

BACKGROUND

Plaintiff Chavez filed this suit as a putative class action under the Telephone Consumer Protection Act of 1991 ("TCPA").  (Dkt. # 1 at 1–2.)  He alleges that Defendant Dragonfly, a heating, ventilation, and air conditioning ("HVAC") repair and installation business, sent him unsolicited telemarketing in violation of the TCPA.  (Id. at 4–9; Dkt. # 12 at 7.)  His complaint alleges that Defendant engaged in the same unlawful conduct by sending telemarketing text messages to other individuals on the National Do Not Call Registry or to those individuals who had opted out of text messages from Dragonfly, and that those individuals are sufficiently numerous to form a class.  (Dkt. # 1 at 9–10.)  At all times relevant to this suit, Dragonfly was a corporation headquartered in Riverside, California, with its principal place of business in the same.

This suit was filed on December 7, 2025.  (Dkt. # 1.)  Defendant timely filed responsive pleadings on January 14, 2026, by filing (1) a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and (2) the instant Motion to Transfer Venue to the Central District of California pursuant to 28 U.S.C. § 1404(a).  (Dkt. ## 11, 12.)  Defendant says it initially did business with Plaintiff while he lived at a property in Riverside, California, and that it performed services at this property from 2017 to 2023.  (Dkt. # 12 at 7.)  Defendant asserts it is a small company of thirteen employees, that it has a single

office in Riverside, California, and that it provides HVAC services exclusively in southern California, including Riverside County, San Bernadino County, parts of Orange County, and sometimes parts of Los Angeles County.  (Id.)  Plaintiff opposes both the motion to dismiss and the motion to transfer.[1]  (Dkt. ## 19, 20.)

## LEGAL STANDARD

Even where venue is otherwise proper, a party objecting to venue may move for permissive transfer under 28 U.S.C. § 1404(a), which "allows a district court to transfer any civil action to any other district or division where it might have been brought when the convenience of parties and witnesses and the interest of justice so require."  In re TikTok, Inc., 85 F.4th 352, 357 (5th Cir. 2023) (quoting Bechuck v. Home Depot U.S.A., Inc., 814 F.3d 287, 293 (5th Cir. 2016)) (internal quotation marks omitted).  A court may grant transfer under Section 1404(a) only if the moving party "clearly establishes good cause" by "clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice."  In re Clarke, 94 F.4th 502, 508 (5th Cir. 2024) (quoting Def. Distributed v. Bruck, 30 F.4th 414, 433 (5th Cir. 2022)).  The moving party bears the burden of establishing good cause.  Id.

---

[1] The Court notes Defendant filed objections to several statements in Michael Chavez's attached declaration.  Because the Court does not rely on any of the objected-to statements in making its ruling, the objections are overruled as moot. (Dkt. # 24.)

3

To establish good cause, the moving party must clearly demonstrate that its chosen venue is clearly more convenient, not just that it "is more likely than not to be more convenient." Id. A preponderance of the evidence is not enough. Def. Distributed, 30 F.4th at 433. "[T]he fact that litigating would be more convenient for the defendant elsewhere" is not alone enough to justify a transfer. Id. "Unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum generally should not be disturbed." Houston Trial Reports, Inc. v. LRP Publications, Inc., 85 F. Supp. 2d 663, 667–68 (S.D. Tex. 1999) (quoting Henderson v. AT&T Corp., 918 F. Supp. 1059, 1065 (S.D. Tex. 1996)) (internal quotation marks omitted).

## DISCUSSION

Neither party suggests that venue in the Western District of Texas is improper. Instead, Defendant argues that the case should be transferred to the Central District of California for the convenience of the witnesses of witnesses and parties pursuant to 28 U.S.C. § 1404. (Dkt. # 12.) Whether transfer is appropriate depends upon whether transfer would serve "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

I.    The Case Could Have Been Brought in the Central District of California.

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district

4

in which the claim could have been filed,' or whether all parties consent to a particular jurisdiction." Savage v. Detroit Indep. Sch. Dist., No. 4:22-CV-00202, 2023 WL 3981266, at *2 (E.D. Tex. June 13, 2023) (quoting In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I")).  The parties in this case do not dispute that this lawsuit could have been brought in the Central District of California pursuant to § 1391, which states that venue is proper in the judicial district where the defendant resides.  28 U.S.C. § 1391(b)(1).  Here, Dragonfly's principal place of business is located in the Central District of California.  (Dkt. # 12 at 10.)  Accordingly, the Court proceeds to the public and private interest factors to determine whether transfer is warranted.

II.    Private and Public Interest Factors

To establish good cause and justify a transfer, the moving party must show "(1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious . . . that those marginal gains will *actually* materialize in the transferee venue."  Clarke, 94 F.4th at 508 (emphasis in original). In assessing whether the moving party has met this burden, the court considers four private-interest factors and four public-interest factors.  TikTok, 85 F.4th at 358. No single factor is dispositive, and the Fifth Circuit has "cautioned against a raw counting of the factors that weighs each the same."  Clarke, 94 F.4th at 509 (quoting TikTok, 85 F.4th at 358) (cleaned up).  When the moving party fails to

make a clear demonstration on a factor, the district court "cannot weigh [that] factor against the non-movant and in favor of transfer." Id. (quoting Def. Distributed, 30 F.4th at 434).

   A. Private-Interest Factors

        The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses, (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II")) (cleaned up).

      1. *Relative Ease of Access to Sources of Proof*

        "The first factor focuses on the location of documents and physical evidence relating to the case." TikTok, 85 F.4th at 358 (quoting Volkswagen II, 545 F.3d at 316) (internal quotation marks omitted). "The question is relative ease of access, not absolute ease of access." In re Radmax, Ltd., 720 F.3d 285, 288 (5th Cir. 2013) (per curiam). If the current district does not have evidence relating to a case, this factor favors transfer. TikTok, 85 F.4th at 358 (citing Volkswagen II, 545 F.3d at 316). The availability of evidence electronically minimizes the weight of this factor on the transfer analysis. Id. at 358–59 (citing In re Planned Parenthood Fed'n Am., Inc., 52 F.4th 625, 630 (5th Cir. 2022)).

6

In this case, Defendant reasons that as a small company with its only business occurring in the Central District of California, the sources of proof related to its business operations are located in that district.  (Dkt. # 12 at 11.)  Further, it argues that most putative class members would be customers of Dragonfly, and thus also located in central California, making proof related to individual class members also relatively easier to access there.  (Id.)  Plaintiff responds that the most probative evidence will be telephone call logs, which could be accessed easily from Texas.  (Dkt. # 20 at 4.)  However, the Court agrees with Defendant that this case is likely to exceed proof of call logs.  (Dkt. # 23 at 7.)  Plaintiff may additionally require access to "Dragonfly's business practices, customer records, vendor relationships," and employee information—all information that is relatively easier to access in California than in this District.  (See id.)  Thus, the Court finds this weighs in favor of transfer.

2. *Availability of Compulsory Process to Secure Witness Attendance*

"The second factor focuses on the availability of compulsory process to secure the attendance of witnesses."  TikTok, 85 F.4th at 360 (quoting Volkswagen II, 545 F.3d at 315) (internal quotation marks omitted).  This factor favors transfer when the current district does not have subpoena power over *non-party* witnesses but the proposed venue does "enjoy absolute subpoena power for both depositions and trial."  Id. (quoting Volkswagen II, 545 F.3d at 316) (emphasis

7

added).  "[T]he availability of compulsory process receives less weight when it has

not been alleged or shown that any witness would be unwilling to testify."  Id.

(quoting Planned Parenthood, 52 F.4th at 630–31 (internal quotation marks

omitted)).

The parties both acknowledge that at least one non-party witness is

located in the Central District of California.  Dragonfly argues that its marketing is

at least partially outsourced to a separate company called RP1 Integration, Inc.

("RP1").  (Dkt. # 12 at 12.)  RP1 is a California corporation with its principal place

of business in Cypress, California—located in the Central District of California.

(Id.)  Plaintiff minimizes this factor by suggesting this is only a "single third party

witness outside Texas."  (Dkt. # 20 at 4–5.)  However, the Court is not persuaded

by this argument where Defendant has not just identified a single witness—it has

identified a non-party corporation with a relationship to these proceedings,

suggesting the attendance of *at least* one, and possibly additional, witnesses may

be required.  Thus, the Court finds this factor also weighs in favor of transfer but

weighs it only slightly in favor of transfer because Defendant does not allege or

show that any witness from RP1 would be unwilling to testify and require

compulsory process.  See TikTok, 85 F.4th at 360.

3. *Cost of Attendance for Willing Witnesses*

Testifying imposes external costs on witnesses, even those willing to testify. "It is more convenient for witnesses to testify at home . . . ." TikTok, 85 F.4th at 361. "[A]dditional distance means additional travel time . . . meal and lodging expenses," additional time "witnesses must be away from their regular employment," and increased "personal costs associated with being away from work, family, and community." Id. This factor "attempts to internalize and minimize" these costs by "favoring the venue that is more convenient from the perspective of willing witnesses." Clarke, 94 F.4th at 514 (citing TikTok, 85 F.4th at 361; Volkswagen II, 545 F.3d at 317). Moreover, the Fifth Circuit has adopted distance as the metric for convenience. Id. The factor of inconvenience "positively and linearly scales" with the distance over 100 miles witnesses must travel to testify. Id. (citing TikTok, 85 F.4th at 361–62 & nn.8–9). This Court notes that the distance between the Western District of Texas, Austin Division, and the Central District of California, Riverside Courthouse, is approximately 1,100 miles. The convenience of witnesses is arguably the most important factor in the court's consideration of a motion to transfer. Dupre v. Spanier Marine Corp., 810 F. Supp. 823, 825 (S.D. Tex. 1993).

Defendant asserts that a "significant" number of witnesses would be required to travel to this District from California since "all of Dragonfly's

9

employees and customers are based in California." (Dkt. # 12 at 12.)  It says that as a putative class action, the Court should consider the location of the putative class members, many of whom are "highly likely to reside only in California—as that is where Dragonfly exclusively does business." (Id.)  Plaintiff counters that he is willing to take depositions of Defendant's witnesses virtually, "provided that Dragonfly extends the same reciprocity with respect to Plaintiff." (Dkt. # 20 at 4.)  He argues that the case will inevitably involve inconvenience on someone's part, and transferring to California would merely shift the inconvenience from Defendant to Plaintiff. (Id. at 5.)

In weighing these considerations, the Court finds that this factor weighs heavily in favor of transfer.  Indeed, while it is possible that some other class members have moved from California as Plaintiff suggests, (id. at 7), the majority of potential class members will presumably be located in California within or near Dragonfly's service range.  And even if Plaintiff extends the courtesy of virtually deposing Dragonfly's employees and customers, a later trial in Austin would still inconvenience numerous witnesses and require travel of over 1,000 miles.  Given the only witness in Austin is likely to be Plaintiff himself, and because Plaintiff has not identified with specificity any additional witnesses for whom Austin would be more convenient, the Court finds this factor weighs heavily in favor of transfer.

4. *All Other Practical Problems*

"The fourth factor considers all other practical problems that make trial of a case easy, expeditious and inexpensive." TikTok, 85 F.4th at 362 (quoting Volkswagen II, 545 F.3d at 315) (internal quotation marks omitted). A court should not consider "garden-variety delay associated with transfer." Radmax, 720 F.3d at 289. But if petitioners "inexcusably delayed" bringing their motion until "late in the litigation," this factor weighs against transfer. TikTok, 85 F.4th at 362 (quoting Planned Parenthood, 52 F.4th at 631).

Here, Defendant asserts there are no practical problems weighing against transfer because its motion was timely and would not result in unreasonable delay in litigation, particularly where this case is in very early stages and because of the pending motion to dismiss, does not even have a scheduling order entered. Plaintiff disagrees, arguing that "the Central District of California has some of the most onerous and esoteric procedural requirements with respect to handling of discovery in class action cases, discovery disputes, and motions practice." (Dkt. # 20 at 5.) He lists several procedural practices which he views to be complex and argues that the Court should consider that many judges in the Central District of California require in-person hearings that would inconvenience counsel, who appear to be located in Massachusetts and Pennsylvania. (Id. at 5–6.)

11

As an initial matter, the Court declines to consider inconvenience to counsel as a factor, as the Fifth Circuit has expressly rejected this consideration. Volkswagen I, 371 F.3d at 206 ("[I]n its order the district court considers that counsel for both parties are located in Dallas, Texas.  The word "counsel" does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a).").  Plaintiff's counsel additionally does not cite any caselaw finding the local rules of a transferee district properly weighed against transfer, and the Court does not find that navigating the local rules of another district rise to the level of "practical problems" weighed in this factor.

Finding Defendant has not inexcusably delayed in bringing its motion, this factor weighs in favor of transfer.  See TikTok, 85 F.4th at 362 (quoting Planned Parenthood, 52 F.4th at 631).

B.  Public-Interest Factors

The public interest factors are: "(5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws . . . [or] the application of foreign law." Clarke, 94 F.4th at 509 (quoting TikTok, 85 F.4th at 358).

1.  Court Congestion

A Section 1404 transfer cannot be granted solely based on court congestion.  Clarke, 94 F.4th at 515.  A court's assessment of another's docket is inherently speculative and to transfer for this sole reason "ignores the plaintiffs' role as master of the complaint."  Id.; see also Planned Parenthood, 52 F.4th at 631 (acknowledging holdings characterizing court congestion as a speculative factor).  "[M]easuring [docket] congestion is easier said than done."  Clarke, 94 F.4th at 515.  While the transferor court may be able to estimate the efficiency of its own docket, its assessment of a transferee's docket is "at its core . . . an uninformed guess."  Id. at 17–18.

The Court declines to speculate about the docket of the Central District of California compared to its own docket.  This factor is neutral.

2.  Local Interests

The local interests factor considers "the local interest in having localized interests decided at home."  Volkswagen II, 545 F.3d at 315.  A court looks to "the significant connections between a particular venue and the events that gave rise to a suit," not to "the parties' [] connections to each forum."  TikTok, 85 F.4th at 364 (quoting Def. Distrib., 30 F.4th at 435 (internal quotation marks omitted)).  Put simply, "[w]e focus on the *events—*not the *parties*."  Clarke, 94 F.4th at 511 (emphasis in original).  "Localized interests are present when the

citizens of the forum have a sufficient interest in the controversy to justify burdening them with jury duty." In re Chamber of Commerce of the United States, 105 F.4th 297, 308 (5th Cir. 2024) (quotation omitted).  However, not all cases are "localized"; many cases involve disputes in which a forum resident would have no more stake than any other Texan.  Id.

"[T]he place of the alleged wrong is one of the most important factors in venue determinations." TikTok, 85 F.4th at 364 (quoting Def. Distrib., 30 F.4th at 435.)  "[T]his factor weighs heavily in favor of transfer [when] . . . there is no relevant factual connection to the [transferor district]." Volkswagen, 545 F.3d at 317–18.  And this factor weighs against transfer when the "citizens of [the transferor district] have a greater stake in the litigation than the citizens of [the transferee district]." TikTok, 85 F.4th at 364 (quoting Planned Parenthood, 52 F.4th at 632)).

When weighing the local-interest factor, a court should consider the "events that gave rise to the suit" and "the interest of non-party citizens in adjudicating the case." Clarke, 94 F.4th at 511 (quoting TikTok, 85 F.4th at 364 (cleaned up)).  And again, transfer is decided "based on the situation which existed when the suit was instituted." In re EMC, 501 F. App'x at 975–76 (quotation omitted).  A court may consider "the location of the injury, witnesses, and the

[p]laintiff's residence," but these proxies for local interests "can never subsume the ultimate inquiry." Id. (quoting Def. Distributed, 30 F.4th at 435).

Here, the events that gave rise to this suit were the alleged unauthorized telemarketing texts sent by Dragonfly in California to Plaintiff's phone in Texas. Both parties argue their state has the local interest here, and the Court agrees that each location has at least some local interest in the outcome of this suit. On one hand, Plaintiff allegedly received these texts while residing in Texas, and Texas has an interest in protecting its consumers from unauthorized telemarketing, even when the perpetrator may be located out-of-state. On the other, California shares that same interest, but it is even stronger where the alleged perpetrator is located in-state and affecting a greater number of its community members. Given the nature of this case as a putative class action, and presuming that many of the class members will be located in California, the Court finds that California's localized interest is slightly stronger than Texas's—which is not to say that there is *no* local interest in this state.[2] Accordingly, the Court finds this factor weighs only slightly in favor of transfer.

---

[2] Plaintiff relies on Cypress Real Estate Advisors, Inc. v. Cypress Realty Advisors, LLC, No. A09-CA-629-SS, 2009 WL 3381161 (W.D. Tex. Oct. 19, 2009), for the proposition that Plaintiff's choice of forum should be undisturbed. Indeed, ordinarily deference is given to Plaintiff's forum choice, but here, where Plaintiff purports to bring a nationwide class action, that deference is reduced. See Koster v. (American) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest

### 3. Familiarity with Governing Law

A court also considers its "familiarity with the law that will govern the case." Volkswagen, 545 F.3d at 315. Familiarity with governing law weighs most heavily when "the [transferee] venue is in a different State [than the transferor court]—in which case that State's familiarity with the applicable law would be especially probative to the transfer analysis." Planned Parenthood, 52 F.4th at 632 n.5. For this factor, a district court examines the law it will have to apply in the case, including whether it "would be bound to [the transferee court's] law concerning such claims." Def. Distrib., 30 F.4th at 436. "This factor does not weigh in favor of transfer when both districts are 'equally capable of applying the relevant law.'" Tiktok, 85 F.4th at 365 (quoting Radmax, 720 F.3d at 289.))

Here, familiarity with governing law is not in dispute. Each District is equally capable of applying the appropriate law. This factor is neutral.

---

themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is weakened."). Moreover, this is not a case like Cypress in which the defendant's main interests in California were "its corporate existence generally." 2009 WL 3381161 at *4. Here, California's local interests are not because of Dragonfly's incorporation in-state, but rather because many of the class members are likely to be California residents.

16

4.  Avoiding Conflict of Law and Foreign Law Problems

The final public interest factor "seeks to avoid 'unnecessary problems of conflict of laws or in the application of foreign law.'" Def. Distributed, 30 F.4th at 436 (quoting Volkswagen II, 545 F.3d at 315).  A transfer to the Central District of California would not resolve any problems with the application of foreign law or avoid an issue with conflict of laws.  Savage, 2023 WL 3981266, at *4.  Further, this factor is also not in dispute.  Once more, this factor is neutral.

III.    The Factors Weigh in Favor of Transfer to the Central District of California.

No single factor is dispositive, and the Court does not count the factors so that each weighs the same.  Clarke, 94 F.4th 502 at 509.  To establish good cause and justify a transfer, the moving party must show "(1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious . . . that those marginal gains will *actually* materialize in the transferee venue."  Clarke, 94 F.4th at 508 (emphasis in original).

The Court finds that Defendant Dragonfly has clearly shown a transfer to the Central District of California will realize a gain in convenience, and that gains in decreased costs of witness attendance, access to physical evidence, availability of compulsory process, and localized interests will actually materialize in the Central District.  Plaintiff has not demonstrated the existence of any non-party witnesses in Texas, or any additional witnesses beside himself for whom

17

travel to Austin would be more convenient.  The Court is also not persuaded that there is physical evidence located in-state that would be burdensome to produce in California.  While both communities' local interests are impacted, California's interests are impacted more so.  The Court finds Defendant Dragonfly has met its burden and established it is clearly more convenient based on the private and public factors for this case to be litigated in the Central District of California.  Thus, the weight of the factors support transfer.

CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Transfer.  (Dkt. # 12.)  It is therefore **ORDERED** that this case is **TRANSFERRED** to the Central District of California.  The Clerk of Court is **DIRECTED** to hold the transfer for five business days from the date of this Order.

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, July 29, 2026.

David A. Ezra
Sr. United States District Judge